474

518 A.2d 871

The First National Bank of Maryland, Petitioner *v.* Commonwealth of Pennsylvania Insurance Department et al., Respondents.

Heard November 21, 1986, before President Judge CRUMLISH, JR.

*Warren L. Dennis,* with him, *William A. Slaughter* and *Christopher Wolf,* for petitioner.

*George F. Grode,* with him, *Janice L. Anderson,* for respondent, Commonwealth of Pennsylvania, Insurance Department.

*Thomas A. Allen, White and Williams,* for respondent, U.S. Mortgage Company.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 2, 1986:

The First National Bank of Maryland (FNB) has filed a petition for review and motion for writ of peremptory mandamus[1] to compel the Commonwealth Insurance Commissioner[2] George F. Grode to issue a summary order (1) suspending the business of U.S. Mortgage Insurance Company (U.S. Mortgage), (2) taking possession of its assets, and (3) halting the payment of claims.

FNB, acting as a trustee for a number of financial institutions, purchased mortgage-backed securities ("Mortgage Pass-Through" Certificates) issued by EPIC

---

[1] First National Bank's motion was addressed to our original jurisdiction, 42 Pa. C. S. §761. The Commissioner argues that this matter properly lies in this Court's appellate jurisdiction, 42 Pa. C. S. §763. FNB averred in its motion for a mandamus writ, filed October 22, 1986, that the Insurance Commissioner had not responded to its requests for administrative action and that this *inaction* on the Commissioner's part, in the face of a mandatory ministerial duty, justified the writ.

When the EPIC bankruptcy litigation arose, FNB twice requested (by letter of 7/24/86 and 8/21/86) the Commissioner to take action to avoid possible dissolution of U.S. Mortgage's assets. Deputy Commissioner Ronald E. Chronister responded to these requests by letter of October 20, 1986, *two days* before FNB submitted its motion. Because petitioner has not amended its petition and due to the exigencies of the matter, we will treat it as in our original jurisdiction.

[2] The petition names as respondents the Commonwealth Insurance Department and its Commissioner George F. Grode, as well as U.S. Mortgage Insurance Company.

Mortgage, Inc. (EPIC). The securities covered properties owned by numerous groups, of which the Equity Program Investment Corporation was a general partner. Each of the notes was backed by property and mortgage guaranty insurance up to twenty-five percent of the outstanding principal and interest. U.S. Mortgage is one of eight insurance companies backing the notes.

In August 1985, EPIC defaulted on all of its payments. FNB and other noteholders brought an action in the U.S. Eastern District Court of Virginia seeking to recover the guaranty insurance from U.S. Mortgage and the other guarantors. U.S. Mortgage is defending its interest in this suit on the ground of EPIC's fraudulent misrepresentation in obtaining insurance.

FNB contends that the Commissioner has a mandatory duty under Section 510(a) of the Act of May 17, 1921, P.L. 789, *as amended* (Act), to issue an order suspending an insurer's business when he has reason to believe that irreparable harm may come to the insurer's policyholders because of insolvency or financial instability. FNB contends further that U.S. Mortgage is insolvent as defined in the Act.[3]

FNB seeks relief in the nature of mandamus. Mandamus will only lie to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a lack of any other adequate remedy at law. *Delaware River Port Authority v. Thornburgh,* 508 Pa. 11, 493 A.2d 1351 (1985). While mandamus will not ordinarily lie to compel a particular discretionary act, it is available to direct that discretion. *Id.*

In its petition, FNB has asserted that the Insurance Commissioner has failed to act—to exercise any discre-

---

[3] 40 P.S. §221.3.

tion whatsoever—despite clear indications that U.S. Mortgage is insolvent.

However, at hearing before this Chancellor, the Commissioner presented the testimony of Ronald E. Chronister, Deputy Insurance Commissioner, who stated that in the early part of 1986 he met with U.S. Mortgage to discuss the impact of the federal litigation. As a result of their meetings, the Commissioner required U.S. Mortgage to provide quarterly financial reports and monthly status reports on the EPIC bankruptcy litigation. U.S. Mortgage also agreed to stop writing new business and reduce its staff. Chronister testified that the Commissioner continues to monitor these reports and is satisfied that U.S. Mortgage's continued operation is in the best interests of its policyholders and the public at large.

This Court finds Chronister's testimony to be credible and competent. Therefore, we conclude that the Commissioner's actions and his determination of the impropriety of a summary order against U.S. Mortgage is within the discretion given to him by Section 509 of the Act. FNB has not established the requisite clear right to legal relief.

We therefore deny FNB's motion for an immediate writ of peremptory mandamus.

### ORDER

Upon consideration of petitioner First National Bank of Maryland's motion for an immediate writ of peremptory mandamus and respondents Insurance Department and U.S. Mortgage Company's answers thereto, petitioner's motion is denied.

The Chief Clerk of this Court shall list for consideration respondent Insurance Commissioner's preliminary objections to petitioner's petition.

Stenographic costs incurred for the hearing November 21, 1986, shall be borne equally by the parties.