528 A.2d 696

The First National Bank of Maryland, as Trustee, Petitioner *v.* Commonwealth of Pennsylvania, Insurance Department, George F. Grode, Insurance Commissioner, and U. S. Mortgage Insurance Company, Respondents.

Argued April 21, 1987, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Christopher Wolf,* with him, *Warren L. Dennis* and *William A. Slaughter, Ballard, Spahr, Andrews & Ingersoll,* for petitioner.

*Janice L. Anderson,* Deputy Attorney General, with her, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent, Commonwealth of Pennsylvania, Insurance Department and George F. Grode, Insurance Commissioner.

*Thomas A. Allen,* with him, *Ellen K. Glessner* and *Steven J. Cooperstein, White and Williams,* for respondent, U.S. Mortgage Insurance Company.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 16, 1987:

First National Bank of Maryland (FNB) petitions this Court to compel the Insurance Commissioner to issue a summary order suspending and/or supervising the business of U.S. Mortgage Insurance Company (USMI). Sections 510 and 511 of the Insurance Department Act of 1921[1] (Article V). The Insurance Commissioner and USMI have filed preliminary objections.

The pertinent facts for purposes of this petition can be found in *First National Bank of Maryland v. Insurance Department,* 102 Pa. Commonwealth Ct. 474, 518 A.2d 871 (1986), where this Court denied FNB's motion for an immediate writ of peremptory mandamus. In that earlier action, this Court held that FNB, as a trustee for purchasers of mortgage-backed securities issued by a defaulting real estate investment corporation, was not entitled to mandamus because its right to immediate relief in the form of a suspension order against USMI was not clear. At the same time, we directed that the Insurance Commissioner's preliminary objections be listed for consideration. The Commissioner and USMI preliminarily object to the instant petition because they allege that FNB (1) lacks standing, (2) improperly invokes our original jurisdiction, and (3) has failed to state a claim upon which relief can be granted.[2]

---

[1] Act of May 17, 1921, P.L. 789, *as amended,* added by Section 2 of the Act of December 14, 1977, P.L. 280, *as amended,* 40 P.S. §§221.10, 221.11.

[2] FNB has filed a motion for expedited consideration of the respondents' preliminary objections which we will dismiss as moot.

STANDING

The Commissioner argues that Article V authorizes only his department to initiate a suspension action against an insurer after he determines that reasonable cause exists.[3]

Hence, the Commissioner contends that FNB is not an aggrieved party under the standards set forth in *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975).

While Article V does confer exclusive authority upon the Commissioner to institute a suspension proceeding, we agree with FNB that a party injured by the Commissioner's alleged inaction has standing.

"[S]tanding will be found more readily where protection of the type of interest asserted is among the policies underlying the legal rule relied upon by the person claiming to be 'aggrieved.' " *Id.* at 198, 346 A.2d at 284. In this case, FNB relies on the express purpose of Article V, which is, *inter alia,* "the protection of insureds, creditors, and the public generally." 40 P.S. §221.1(c). As a trustee for the purchasers of mortgage-backed securities guaranteed by USMI, FNB fits squarely within the class to be protected.

Of course, it is settled law that a person claiming to be aggrieved must assert more than the common interests of all citizens in procuring obedience to the law. The interest asserted must be substantial, immediate, and direct.

---

[3] In support of his contention, the Commissioner directs us to several other Commonwealth insurance statutes for examples where the legislature conferred rights upon individual insureds. She cites the lack of such a provision in Article V as evidence of the legislature's intention *not* to extend a private right. *See, e.g.,* The Casualty and Surety Rate Regulatory Act, Act of June 11, 1947, P.L. 538, *as amended,* 40 P.S. §1185(b); Act of June 5, 1968, P.L. 140, *as amended,* 40 P.S. §§1008.8, 1008.9.

FNB argues that USMI is insolvent by virtue of its contingent liability in the litigation over the guaranteed claims of the defaulting Equity Program Investment Corporation (EPIC). FNB asserts a direct and immediate harm in that the Commissioner's inaction is causing it to suffer severe losses on its claims, which may go unpaid as a result of this exposure.

On the other hand, USMI and the Insurance Commissioner contend that FNB has not suffered any "injury in fact" merely because the Commissioner did not proceed to issue a summary order as FNB had wished.

In *Application of El Rancho Grande, Inc.,* where our Supreme Court held that liquor licensees had standing to challenge the grant of a liquor license in excess of Liquor Code quotas, the Court stated that "individual appellants who claim to have been financially injured may be the only persons willing to expend the time and funds to pursue an appeal" and to represent the public interest. 496 Pa. 496, 508, 437 A.2d 1150, 1156 (1981). Adopting the reasoning of *Association of Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150 (1970), our Supreme Court noted the trend to the enlargement of the class of persons who may protest administrative action. Although FNB may not achieve the remedy it seeks solely on the basis that it *may* suffer financial setbacks, the injury FNB asserts is not so remote from Article V's express goals that it is outside the "zone of interest" sought to be protected by the statute. *Id.* at 153. We thus conclude that FNB has standing to bring its petition.

### JURISDICTION

The Commissioner contends that FNB improperly invokes this Court's original jurisdiction because the Department's October 20, 1986 letter in which it

responded to FNB and declined to issue a summary suspension order, constituted an agency adjudication which must be appealed.[4] The Department argues, in essence, that this letter is a denial of a request to hold a hearing,[5] a challenge to which must be addressed to this Court's appellate jurisdiction. *O'Brien v. State Employes' Retirement System*, 503 Pa. 414, 469 A.2d 1008 (1983), *cert. denied*, 469 U.S. 816 (1984).

However, Section 761 of the Judicial Code confers original jurisdiction on this Court in all proceedings "[a]rising under Article V of the act of May 17, 1921 (P.L. 789, No. 285), known as 'The Insurance Department Act of 1921.' " 42 Pa. C. S. §761(a)(3).

## DEMURRER

The Commissioner and USMI contend that FNB has failed to state a claim in mandamus because suspending the business of an insurer is neither a mandatory duty nor a ministerial act. FNB insists that mandamus is appropriate because the Commissioner has a clear duty to act in the event of an insolvent or financially unstable insurer. It argues that it has a clear legal right to the proper enforcement of Article V's supervision and suspension provisions. However, this dispute was disposed of previously in *First National Bank of Maryland v. Insurance Department*, 102 Pa. Commonwealth Ct. 474, 518 A.2d 871 (1986), where FNB's motion for writ of peremptory mandamus was denied.

Section 510 of Article V allows the Commissioner, when he has "reasonable cause to believe that an insur-

---

[4] Section 763 of the Judicial Code, 42 Pa. C. S. §763.

[5] The Commissioner contends that, because the only possible relief available to FNB is an administrative hearing (and not a summary order), the Department's letter was in effect a refusal to hold a hearing.

er has engaged in any act, practice or transaction that would subject it to formal delinquency proceedings under this article," to, *inter alia,* suspend the business of an insurer.[6] Section 511 allows him to order supervision under the same circumstances.[7] The Commissioner *does* have a duty to direct a number of alternative actions pursuant to Article V but *only* upon reasonable cause. The Commissioner has, in his judgment, decided that neither alternative is necessary at this time. Mandamus may not be invoked to direct the exercise of judgment or discretion in a particular way but is available only to compel a tribunal or administrative agency to act when it has been "sitting on its hands." *Pennsylvania Dental Association v. Insurance Department,* 512 Pa. 217, 228, 516 A.2d 647, 652 (1986). USMI has voluntarily complied with the Commissioner's request not to write new business and has submitted monthly status reports on its financial condition. The Commissioner has in fact acted, in this case, to FNB's understandable consternation and disappointment.

Under these circumstances, we hold that mandamus is not appropriate. For this reason, we will deny FNB's petition.

## ORDER

Respondents' preliminary objections in the nature of a demurrer are sustained. Petitioner's action for a writ of mandamus is dismissed.

Petitioner's petition for expedited consideration of respondents' preliminary objections is dismissed as moot.

---

[6] 40 P.S. §221.10(b) and (c).

[7] Section 511 also authorizes the Commissioner to order supervision when an insurance company gives its consent. 40 P.S. §221.11(a).